UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

BARNEY MCLAUGHLIN,                )
                                 )
        Plaintiff,               )        Civil Action No. 5: 25-326-DCR
                                 )
V.                               )
                                 )
FRANK BISIGNANO, Commissioner of )        **MEMORANDUM OPINION**
Social Security,                 )              **AND ORDER**
                                 )
        Defendant.               )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Barney McLaughlin ("McLaughlin") appeals the denial of his claim for Disability Insurance Benefits ("DIB"). [Record No. 6] McLaughlin contends that the Administrative Law Judge ("ALJ") assigned to his case unreasonably concluded that he does not have a severe impairment. [*Id*.] However, after reviewing the record and considering the parties' arguments, the Court concludes that the ALJ's decision is supported by substantial evidence.

**I.**

McLaughlin was 57 years old at the alleged onset date of his claimed disability. [Record No. 5-1 at 55] He asserts a disability, beginning March 15, 2020, due to back pain and diabetes mellitus. [*Id.* at 55, 234]

On May 29, 2023, McLaughlin filed an application for DIB under Title II of the Social Security Act ("Act"). [*Id.* at 21, 190–91] ALJ Boyce Crocker held an administrative hearing on October 2, 2024, after McLaughlin's claims were denied initially and on reconsideration.

- 1 -

[*Id.* at 21, 54–63, 87–96, 99–106] Thereafter, ALJ Crocker issued an opinion denying McLaughlin's claim for benefits. [*Id.* at 18–26]

In July 2025, the Appeals Council denied McLaughlin's request for administrative review of the ALJ's decision, thereby making it the final decision of the Commissioner. [*Id.* at 5–7] The matter is ripe for judicial review pursuant to 42 U.S.C § 405(g).

## II.

A "disability" under the Social Security Act ("Act") is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

> First, the claimant must demonstrate that [he or she] has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that [he or she] suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that [his or her] impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, [he or she] is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform [his or her] past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as [his or her] age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

A district court's review is limited to determining whether the ALJ's findings are supported by substantial evidence[1] and whether the ALJ applied the proper legal standards in reaching his or her decision. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). A reviewing court is further limited in that it is not empowered to conduct a *de novo* review, resolve conflicts in evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). If the court finds substantial evidence to support the Commissioner's judgment, it must affirm that decision even if it would have decided the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

## III.

ALJ Crocker applied the proper legal standard in this case in reaching his opinion by conducting the analysis required for evaluating social security disability cases. [*See* Record No. 5-1 at 22–26.] At step one, the ALJ determines if a claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). Substantial gainful activity occurs when a claimant performs significant physical or mental activities for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b). The ALJ found that McLaughlin had not engaged in substantial gainful activity from the alleged onset date (March 15, 2020) through the date last insured (March 31, 2020). [Record No. 5-1 at 23] He also found that McLaughlin last met the insured status requirements of the Act on March 31, 2020. [*Id.*]

---

[1]    Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

At step two, the ALJ determines whether a claimant has a medically determinable impairment that is severe or a combination of impairments that collectively are severe. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is considered "severe" if it significantly limits an individual's ability to perform basic work activities. *Id.* An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1522; Social Security Rulings (SSRs) 85-28 and 16-3p. If the claimant does not have a severe medically determinable impairment or combination of impairments, the ALJ will find that he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment of combination of impairments, the analysis proceeds to the third step. 20 C.F.R. § 404.1520(a)(4).

ALJ Crocker concluded that McLaughlin had the following medically determinable impairments: degenerative disc disease of lumbar spine and diabetes mellitus type II. [Record No. 5-1 at 23] However, he found that McLaughlin did not have a severe impairment or combination of impairments because, through the date last insured, his impairments did not significantly limit his ability to perform basic-work-related activities for 12 consecutive months. [*Id*. at 24] Accordingly, the ALJ ended the sequential evaluation at step two and found that McLaughlin was not "disabled" within the meaning of the Act from March 15, 2020 (the alleged onset date) through March 31, 2020 (the date last insured). [*Id*. at 26]

In reaching this conclusion, the ALJ must consider all the claimant's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSR 16-3p. In considering the

- 4 -

claimant's symptoms, the ALJ follows a two-step process. First, the ALJ determines whether the claimant has an underlying medically determinable physical or mental impairment(s)—established by medically acceptable clinical or laboratory diagnostic techniques—that could reasonably be expected to produce the alleged pain or other symptoms. 20 C.F.R. § 404.1529(b). Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the ALJ evaluates the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. 20 C.F.R. § 404.1529(c). And whenever statements about intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities. 20 C.F.R. § 404.1529(c)(2)-(3).

ALJ Crocker began by considering McLaughlin's reported symptoms and limitations, including his claim that he could not work because he had difficulty lifting, squatting, bending, standing, reaching, walking, sitting, stair climbing, seeing, and maintaining balance due to other medical conditions. [Record No. 5-1 at 24] He also noted that McLaughlin lives alone, reports no difficulty caring for himself or his pets, can read and write despite sloppy handwriting, shops in stores and by phone, mail, and computer, and can pay bills, count change, and manage checking and savings accounts. [*Id*. at 24–25 (citing Record No. 5-1 at 251–61)]

After considering the record, the ALJ found that McLaughlin's medically determinable impairments could have reasonably been expected to produce the alleged symptoms, but concluded that McLaughlin's statements concerning the intensity, persistence, and limiting

- 5 -

effects of these symptoms were not entirely consistent with the evidence. [*Id*. at 25] The ALJ found that objective medical evidence, other evidence, and McLaughlin's testimony did not substantially support the alleged severity and frequency of his symptoms and limitations. [*Id*.]

ALJ Crocker noted McLaughlin's allegations of low back pain and diabetes and summarized the following medical evidence:

On May 15, 2019, McLaughlin presented for a diabetes follow-up appointment and reported feeling well. [*Id; see* Record No. 5-1 at 301–05.] He stated that his blood sugar typically remained around 150 and that he was attempting to limit carbohydrate intake, although he did not always succeed. [*Id; see* Record No. 5-1 at 301–05.] He also reported back pain, particularly while working, but denied any injury. [*Id; see* Record No. 5-1 at 301–05.] McLaughlin denied myalgias, arthralgias, numbness, tingling, weakness, or fatigue. [*Id; see* Record No. 5-1 at 301–05.] Providers advised him to monitor his blood sugar daily and prescribed Meloxicam for back pain. [*Id; see* Record No. 5-1 at 301–05.] On September 17, 2019, McLaughlin began an increased dosage of Actos. [*Id; see* Record No. 5-1 at 306–10.] He reported that he had not checked his blood sugar for several months since starting the new medication and that he had been traveling frequently and lacked time to eat healthy meals. [*Id; see* Record No. 5-1 at 306–10.] Despite this, he stated that he felt well. [*Id; see* Record No. 5-1 at 306–10.]

After the expiration of his insured status, on May 15, 2020, McLaughlin reported taking his medication as prescribed and reported no complaints. [*Id; see* Record No. 5-1 at 311–15.] McLaughlin again reported feeling well and having no complaints on November 16, 2020. [*Id*; *see* Record No. 5-1 at 316–20.] He had lost ten pounds, was trying to eat healthier, and was taking his medication as prescribed. [*Id; see* Record No. 5-1 at 316–20.] The ALJ went

on to discuss further medical records from after March 31, 2020, the date last insured. [*Id.* at 25–26 (citing Record No. 5-1 at 374–411, 419–32)]

ALJ Crocker also considered the findings of the State agency consultants, who concluded that McLaughlin had no severe physical or mental impairments. [*Id.* at 26] The ALJ found these opinions persuasive because they were consistent with the medical evidence of record at the time and remained supported by the more recent medical evidence received through the date last insured. [*Id.* (citing Record No. 5-1 at 51–54, 56–59, 290–369)]

After discussing the evidence presented to him, the ALJ explained that McLaughlin complained of back pain during the relevant period but had not received injections or physical therapy through the date last insured. [Record No. 5-1 at 26] ALJ Crocker also noted that McLaughlin denied myalgias, arthralgias, numbness, or tingling. [*Id.*] Although McLaughlin received medication for back pain, the ALJ found no evidence that the condition affected his overall functioning. [*Id.*]

The ALJ further explained that, despite receiving medication for diabetes mellitus, McLaughlin repeatedly reported feeling well during follow-up visits with his primary care provider. [*Id.*] And he noted that McLaughlin was instructed to monitor his blood sugar daily, exercise, and maintain a healthy diet, but repeatedly admitted that he did not follow those recommendations. [*Id.*]

Based on this evidence, the ALJ concluded that the record reflected little more than routine care for these conditions. [*Id.*] The ALJ further concluded that the evidence and inconsistencies in the treatment notes showed that McLaughlin's impairments, whether considered individually or in combination, were not as limiting as alleged through the date last insured. [*Id.* (citing Record No. 5-1 at 51–54, 56–59, 290–369)]

McLaughlin argues that the ALJ erred in finding that his lumbar degenerative disc disease and diabetes mellitus type II are not severe impairments.  [Record No. 6 at 3] Specifically, he contends that the "only reasonable interpretation" of the longitudinal medical record, along with his testimony and function reports, is that his combined impairments significantly limited his physical ability to perform basic work activities.  [Record No. 6 at 4] Accordingly, the claimant argues that his impairments qualified as "severe" under 20 C.F.R. § 404.1522.  [*Id.*]

The Commissioner disagrees, arguing that the ALJ properly considered the relevant evidence and that substantial evidence supports the finding that McLaughlin had no work-related limitations, given the lack of contemporaneous complaints or consistent clinical findings.  [Record No. 11 at 5] He further contends that McLaughlin failed to establish disability between his alleged onset date on March 15, 2020, and his date last insured of March 31, 2020, and that he relies too heavily on evidence outside that period.  [*Id.* at 3]

After reviewing the administrative record, the Court agrees with the Commissioner. Substantial evidence supports the ALJ's evaluation of McLaughlin's testimony and medical records predating his date last insured and the ALJ's step-two conclusion.  To be entitled to benefits under Title II, a claimant must establish disability before the date last insured.  *See* 42 U.S.C. §§ 416(i)(3)(B) and 423(a) and (c); 20 C.F.R. § 404.130; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) ("In order to establish entitlement to disability insurance benefits, [a claimant] must establish that [s]he became 'disabled' prior to the expiration of h[er] insured status."); SSR 18-1p, 2018 WL 4945639, at *5 ("[A] claimant who has applied for disability insurance benefits under title II of the Act must show that: He or she met the statutory definition of disability before his or her insured status expired . . ."). Medical evidence

- 8 -

generated "after the last insured date is only considered to the extent it illuminates that condition before the expiration of the claimant's insured status." *Emard v. Commissioner of Social Security*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *McAfee v. Commissioner of Social Security*, 2018 WL 1516846, at *4 (W.D. Mich., 2018)). Accordingly, "the only necessary inquiry is whether the claimant was disabled prior to the expiration of his insured status." *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

The undersigned is aware that the Sixth Circuit has described step two of the disability determination process as a "*de minimis* hurdle." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* (quoting *Higgs*, 880 F.2d at 862). Nevertheless, dismissal at step two remains appropriate when a claim is "totally groundless solely from a medical standpoint." *Id.* (quoting *Higgs*, 880 F.2d at 863).

To satisfy his burden, the claimant must establish that the administrative record contained objective medical evidence suggesting that the claimant was "disabled," as defined by the Act, on or before the date last insured. *Id.* And as noted above, the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "severe" impairment is "any impairment or combination of impairments which significantly limits [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520(c).

Substantial evidence supports ALJ Crocker's decision.  McLaughlin suffered from medical impairments before March 31, 2020, but the mere existence of impairments does not establish that they significantly limited his ability to perform basic work activities.  *See Despins*, 257 Fed. App'x 923 at 930.  After reviewing McLaughlin's medical records and other evidence from the alleged onset date through the date last insured, as well as post-date of last insured records and prior administrative findings from agency medical consultants, the ALJ concluded that the evidence did not demonstrate that McLaughlin's back pain affected his overall functioning or that his diabetes mellitus impaired his ability to perform basic work activities.  Instead, he concluded that the record "illustrates little more than routine care for these issues."  [Record No. 5-1 at 26]

### IV.

To summarize: the record contains no objective medical evidence sufficient to overturn the Commissioner's determination that McLaughlin's impairments did not significantly limit his ability to perform basic work activities before March 31, 2020.  Because the ALJ relied on substantial evidence, the Court may not reweigh the evidence or substitute its judgment, even if substantial evidence might also support a contrary conclusion.  *See Ulman*, 693 F.3d at 714.

Accordingly, it is hereby **ORDERED** as follows:

1.    Plaintiff Barney McLaughlin's motion for judgment [Record No. 6] is **DENIED**.

2.    Defendant Commissioner of Social Security's motion for judgment [Record No, 11] is **GRANTED.**

3.    This action is **DISMISSED** and **STRICKEN** from the docket**.**

Dated:  May 27, 2026.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky